UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE M. GRANT, | No. 2:15-cv-0864 CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. L. BRIGGS, | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by
2  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
3  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff's complaint does not meet the Rule 8 requirement of a short and plain statement of the claim showing entitlement to relief.  Moreover, plaintiff's claim appears to be based on an "indisputably meritless legal theory."  <u>See</u> <u>Neitzke</u>, 490 U.S. at 327.  He alleges that

1  defendant Briggs, the "CDCR Chief of Inmate Appeals," violated his federal constitutional rights
2  by failing to recognize that plaintiff's Playstation 2 was on the list of approved inmate property
3  and wrongly confiscated.  (ECF No. 1 at 3).

4  There are several problems with this claim.  First, there are no constitutional requirements
5  regarding how a grievance system is operated.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th
6  Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his
7  appeals does not violate due process because prisoners lack a separate constitutional entitlement
8  to a specific prison grievance system). Thus, a plaintiff may not impose liability on defendants
9  simply because they played a role in processing plaintiff's inmate appeals.

10  Second, insofar as plaintiff's claim is based on state administrative regulations concerning
11  inmates' personal property, it is not actionable under § 1983.  Cornejo v. County of San Diego,
12  504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable
13  under § 1983.")

14  Third, plaintiff's claim fails to meet the threshold of an Eighth Amendment challenge,
15  which requires a prisoner to show, among other things, that a prison official's act or omission
16  results "in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan,
17  511 U.S. 825, 834 (1994).

18  For these reasons, plaintiff's complaint will be dismissed and he will be granted one
19  opportunity to amend.  In an amended complaint plaintiff should not raise many unrelated claims,
20  but rather focus on a few specific claims and describe the actions of the individual defendants.

21  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
23  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
24  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
25  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
26  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
27  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
28  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

1 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: May 14, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gran0864.14new